IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

|  |  |  |
|---|---|---|
| HENRY JAMES WIMBERLY, JR., | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| Investigators TIM WILLIAMSON, | : | |
| JOHNNY MEYERS, TIM WATKINS, and | : | |
| DAVID A. KNIGHT; GRADY CO. | : | |
| POLICE DEP'T; DOUGHERTY, | : | |
| MITCHELL, and THOMAS CO. | : | |
| SHERIFF'S DEP'TS; GRADY, | : | |
| DOUGHERTY, THOMAS, MITCHELL, | : | |
| and TALLAHASSEE COUNTIES, | : | NO. 1:06-cv-52 (WLS) |
| | : | |
| Defendants | : | **RECOMMENDATION** |

Plaintiff **HENRY JAMES WIMBERLY, JR.**, an inmate at Georgia Diagnostic and

Classification Prison in Jackson, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C.

§ 1983.

## I.  STANDARD OF REVIEW

### A.  28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by

prisoners against a governmental entity or its employees and dismiss any portion of the complaint

the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be

granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action

is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in

law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* v. *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II.  BACKGROUND

Plaintiff's claims, asserted in an original complaint and amended complaint, are somewhat difficult to decipher. Plaintiff was arrested on January 20, 2005, in Albany, Georgia, by defendant Investigators Tim Williamson, Johnny Meyers, Tim Watkins, and David A. Knight. Plaintiff alleges that said investigators discovered a business checkbook and Brothers typewriter in plaintiff's truck as a result of a search conducted without a search warrant or plaintiff's permission. Plaintiff alleges that the "made up check charges" for which he was arrested were dismissed five to ten days later. Plaintiff remains incarcerated in a Georgia state prison, possibly on a probation revocation, and is awaiting extradition to Leon County, Florida, on charges of bank fraud, grand theft, and deposit with

intent to defraud.  Plaintiff anticipates that the fruits of the alleged illegal search will be used later in his Florida criminal proceedings and has filed a separate motion to suppress (Tab # 3).

Plaintiff seeks money damages against the following defendants: (1-4) Investigators Tim Williamson, Johnny Meyers, Tim Watkins, and David A. Knight; (5) the Grady County Police Department; (6-8) the Dougherty, Mitchell, and Thomas County Sheriff's Departments; (9) Tallahassee, Florida; and (10-13) Grady, Dougherty, Thomas, and Mitchell Counties (GA).

## III.  PRELIMINARY MOTIONS

Since filing his complaint, plaintiff has filed numerous motions with the Court.  Before the undersigned considers the allegations contained in plaintiff's complaint, it is first necessary to discuss these pending miscellaneous motions.

### A.  Motion to Suppress (Tab # 3)

Plaintiff has filed a motion to suppress all evidence seized in his January 20, 2005 arrest. By its terms, a motion to suppress is limited to criminal cases.  Because this is a civil case, plaintiff's motion does not apply.  It is, therefore, **DENIED**.

### B.  Motion to Transfer Venue (Tab # 17)

Without providing any reasons, plaintiff requests that this case be transferred to the "Northern District."  It is unclear whether plaintiff means the Northern District of Georgia or the Northern District of Florida.  In any event, because the majority of defendants reside, and the cause of action appears to have occurred, in the Middle District of Georgia, venue is appropriate in the Middle District of Georgia.  Therefore, plaintiff's motion is **DENIED**.  If, however, additional facts are later presented to this Court that this case should be transferred to the Northern District of

Florida, where plaintiff has a section 1983 lawsuit pending, *see **Wimberly v. State of Florida***, civil action number 4:06-cv-63-RH-AK, a subsequent order to that effect may be issued.

### C.  Motion for Appointment of Counsel (Tab # 18)

Plaintiff has requested this Court to appoint counsel to assist him with his section 1983 complaint.  Generally speaking, no right to counsel exists in civil rights actions.  ***See Wahl v. McIver***, 773 F.2d 1169, 1174 (11th Cir. 1986).  It is a privilege that is justified only by exceptional circumstances.  ***Lopez v. Reyes***, 692 F.2d 15, 17 (5th Cir. 1982).

Plaintiff's motion for appointment of counsel is viewed by the Court as being premature.  Until such time as responses have been made by the defendants and the Court has had an opportunity to review both the complaint and the responses thereto, a proper evaluation of the plaintiff's need for counsel cannot be made.  The Court on its own motion will consider appointing legal counsel for the plaintiff if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights.  Accordingly, at the present time, the plaintiff's motion for appointment of counsel is **DENIED**.

### D.  Motion to Amend (Tab # 21)

In his motion to amend, plaintiff seeks to supplement and explain his original complaints, as well as add a defendant (Tallahassee County, Florida).  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given.  Plaintiff's motion to amend the complaint is hereby **GRANTED**.

## IV.  DISCUSSION

### A.  Grady County Police Department and the Dougherty, Mitchell, and Thomas County

*Sheriff's Departments*

In order to bring a viable section 1983 action, plaintiff must name as a defendant an entity that is subject to being sued. The Grady County Police Department and the Dougherty, Mitchell, and Thomas County Sheriff's Departments are all non-suable entities. ***See Dean v. Barber***, 951 F.2d 1210, 1214 (11th Cir.1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"). Therefore, no action can be maintained against these defendants under section 1983 and **DISMISSAL** is appropriate prior to ordering service upon said defendants. **IT IS SO RECOMMENDED.**

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### B. Tallahassee, Florida, and Grady, Dougherty, Thomas, and Mitchell Counties (GA)

A municipality is liable for damages only if plaintiff can show that the alleged constitutional deprivation occurred as a direct result of its official policies or customs. ***See, e.g., Canton v. Harris***, 489 U.S. 378, 389 (1989); ***Kilgo v. Ricks***, 983 F.2d 189, 194 (11th Cir. 1993). Here, plaintiff has not alleged that any policy or practice of the above municipalities led to the violation of his constitutional rights. Therefore, any claim of municipal liability is without merit. Accordingly, it is **RECOMMENDED** that plaintiff's claims against Tallahassee, Florida, and Dougherty, Grady, Thomas, and Mitchell Counties (GA) be **DISMISSED** and that said municipalities be **DISMISSED** as defendants herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this

recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### C. Investigators Johnny Meyers, Tim Williamson, Tim Watkins, and David A. Knight

To the extent that a criminal case is pending against plaintiff in Florida, the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971), would generally require this Court to abstain from interfering with said Florida proceeding.  Plaintiff's allegation that the fruits of the allegedly illegal search and seizure will be used against him in the Florida proceeding appears to likewise invoke the *Younger* doctrine.  Plaintiff also appears to allege, however, that he suffered damages in relation to his Georgia criminal case, which apparently has concluded.

Although it is by no means clear that plaintiff will prevail on his claims against said investigative defendants, at this juncture, the Court cannot determine that such claims are frivolous. The Court will therefore allow, by separate order, plaintiff's claims against defendants Meyers, Williamson, Watkins, and Knight to go forward.

**SO RECOMMENDED**, this 23rd  day of August, 2006.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE