IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

HENRY JAMES WIMBERLY, JR., :
:
      Plaintiff :
:
:
VS. : 1 : 06-CV-52 (WLS)
:
INVESTIGATORS TIM WILLIAMSON, et al., :
:
:
      Defendants. :

**ORDER AND RECOMMENDATION**

      The plaintiff filed this action on April 10, 2006, raising allegations of Fourth Amendment violations. Defendants Williamson and Watkins have filed a Motion to Dismiss, arguing that the plaintiff had accumulated three strikes pursuant to 28 U.S.C. § 1915(g) prior to the filing of this action, and that plaintiff's *in forma pauperis* status should therefore be revoked based thereon.

      Pursuant to the provisions of the Prison Litigation Reform Act ("PLRA") pertaining to a prisoner's ability to proceed *in forma pauperis*, as codified at 28 U.S.C. § 1915(g),

> [I]n no event shall a prisoner bring a civil action or appeal a
> judgment in a civil action or proceeding under this section if the
> prisoner has, on three or more prior occasions, while incarcerated or
> detained in any facility, brought an action or appeal in a court of the
> United States that was dismissed that is frivolous, malicious, or fails
> to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of physical injury.

      A review of court records reveals that the plaintiff had accumulated at least "three strikes" at the time this lawsuit was initiated on April 10, 2006. *See Wimberley v. Gwinnett County Police*, 1:98-cv-2084 (N.D.Ga. June 7, 1999) (failure to state a claim);*Wimberley v. Goodman, et al.,* 1:98-cv-2166 (N.D.Ga. June 8, 1999) (failure to state a claim); *Wimberly v. Cheek, et al.,*,

1:98-cv-2673 (N.D.Ga. Jan. 8, 1999) (failure to state a claim).  The Eleventh Circuit Court of Appeals has considered and upheld the constitutionality of this portion of the PLRA.  *See Rivera v. Allen*, 144 F.3d 719 (11th Cir. 1998).  Furthermore, the court finds that there is no indication that the plaintiff is under imminent danger of serious injury.

As previously noted by this district, numerous courts have interpreted § 1915(g) as allowing the revocation of a prisoner's *in forma pauperis* status after it becomes apparent that this status was improperly granted.  *Williams v. Powell, et al.,*, Civil Action No. 6 : 05-CV-65 (HL) (M.D.Ga. 2006) (citing *Magee v. Clinton*, No. 04-5247, 2005 WL 613248 (D.C. Cir. 2005); *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996); *Brown v. Montgomery County*, No. 04-5729, 2006 WL1997448 (E.D.Pa. 2006); *McFadden v. County of Nassau*, No. CV 97-4146, 1998 WL 151419 (E.D.N.Y. 1998); and *Turner -El v. Washington*, No. 96 C6323, 1998 WL 566880 (N.D.Il. 1998)).  Thus, the order granting *in forma pauperis* status to the plaintiff is hereby **VACATED**.

The defendants' motion to dismiss can be granted only if Plaintiff's complaint, with all factual allegations accepted as true, demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).  The Eleventh Circuit has concluded "that the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).  The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status.  He must pay the filing fee at the time he *initiates* the suit."  *Dupree v. Palmer, et al.,* 284 F.3d 1234, 1236 (11th Cir. 2002).

Accordingly, it is the recommendation of the undersigned that this complaint be **DISMISSED** without prejudice to plaintiff's right to refile. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

The motions that remain pending herein are hereby **DENIED** as moot.

**SO ORDERED AND RECOMMENDED**, this 5th day of May, 2008.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE